(ON APPLICATION FOR REHEARING)
(Court composed of Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD, Judge MADELEINE M. LANDRIEU).
TERRI F. LOVE, Judge.
Donald B. Jones’ application for rehearing is granted solely for clarification. Defendant’s rehearing application asserts that this Court’s opinion is unclear as to whether the search incident to arrest exception is applicable to this case. We grant rehearing for the purpose of deleting the following sentence which appears on page 20 of the opinion: “... we find the probation officers had reasonable cause to arrest the defendant without a warrant for violating a condition of his probation and incident to that arrest would have authorized the officers to search the defendant and his immediate surroundings.” Therefore, the opinion is amended to delete any suggestion that the search incident to arrest exception is applicable in this case. In all other respects our opinion remains the same.
In this Court’s original opinion, we determined that the search incident to arrest exception did not apply in this case. The probation officers did not have the requisite reasonable suspicion of criminal activity when the officers initially arrived at the defendant’s residence pursuant to La. C.Cr.P. Art. 895(A)(13)(a). The probation officers only knew that the defendant was living with another probationer, a violation *23 of his probation. Thus, without reasonable suspicion of criminal activity, a warrantless search of his personal effects was unjustified.
Additionally, this Court addressed the State’s argument that the evidence seized was lawful because the officers had reasonable cause to believe he violated his probation and thus was subject to arrest. The State argued, in light of the fact that he was subject to arrest, the officers were entitled to search him and his immediate surroundings under the search incident to arrest exception. In this Court’s original opinion, we determined that the defendant was in violation of his probation because he was living with another probationer and consequently arrested. Pursuant to Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the search incident to arrest exception does not apply here because the defendant was handcuffed and downstairs. There was no threat that the defendant might seek to use a weapon, or that evidence might be concealed or destroyed. Likewise, the probation officers could not have reasonably believed that the defendant could have accessed his room at the time of the search or that evidence of the offense, living with another probationer, might be found therein. For these reasons, we determined that the search incident to arrest exception did not apply.
Despite the State’s contention that the evidence would have inevitably been discovered through a search incident to arrest, this Court concluded that the inevitable discovery doctrine still applies, but for different reasons than those asserted by the State.
As discussed in the original opinion, the probation officers were justified in entering the defendant’s bedroom to confirm that the defendant actually resided there. Because the drug paraphernalia the officers observed was in plain view on the defendant’s dresser, the officers would have had reasonable suspicion of criminal activity, further justifying the search of the defendant’s room. Therefore, due to the fact that the officers subsequently observed the drug paraphernalia in plain view, the officers would have inevitably discovered the evidence seized under the defendant’s mattress and bed. Accordingly, our original opinion is clarified to reflect that the search incident to arrest exception was not applicable in this ease. In all other respects, our original opinion remains unchanged.
REHEARING GRANTED FOR CLARIFICATION